# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5544-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ANTHONY MASSENBURG,
a/k/a RICHARD ANDERSON,
FREDDRICK CONEY,
ANTHONY LONEY, RONALD A.
MASSENBURG, and TONY
MASSENBURG,

     Defendant-Appellant.

_____

Submitted October 21, 2019 – Decided November 8, 2019

Before Judges Fasciale and Rothstadt.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 10-09-2200.

Joseph E. Krakora, Public Defender, attorney for appellant (Kisha M. S. Hebbon, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Emily M. M. Pirro,

Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the briefs).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant appeals from a June 29, 2018 order denying his petition for post-conviction relief (PCR). After conducting an evidentiary hearing, Judge Martin Cronin entered the order and rendered a twenty-four page written opinion. Defendant primarily maintains that his trial counsel rendered ineffective assistance. We affirm.

Defendant was charged with committing various crimes arising out of a home invasion. A jury found him guilty of attempted murder and two counts of aggravated sexual assault, among other lesser offenses.[1] The sentencing judge

---

[1] The indictment charged defendant with first-degree conspiracy to commit murder, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:11-3 (Count One); second-degree conspiracy to commit aggravated assault, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:12-1(b) (Count Two); first-degree attempted murder, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:11-3 (Count Three); second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1) (Count Four); second-degree possession of a weapon without a carry permit, N.J.S.A. 2C:39-5(b) (Count Five); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (Counts Six, Ten and Nineteen); second-degree conspiracy to commit aggravated sexual assault, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:14-2(a)(4) (Count Seven); first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(4) (Counts Eight and Thirteen); third-degree aggravated criminal sexual contact, N.J.S.A. 2C:14-3(a) (Count Nine); third-degree making terroristic threats, N.J.S.A. 2C:12-3(b) (Count

imposed an aggregate prison term of sixty years, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. We affirmed the convictions, but remanded for the judge to consider "all relevant aggravating and mitigating factors." State v. Massenburg, No. A-2009-12 (App. Div. Jan. 12, 2015) (slip op. at *1). The Supreme Court denied certification. State v. Massenburg, 221 N.J. 566 (2015). The judge re-imposed the same sentence, which we affirmed. State v. Massenburg, A-4150-15 (App. Div. Aug. 31, 2016) (slip op. at *1). The Supreme Court then denied defendant's second petition for certification. State v. Massenburg, 229 N.J. 143 (2017).

In his PCR petition, defendant primarily argued that trial counsel failed to investigate his alibi defense; produce testimony from an alibi witness; dispute evidence found at the scene; move to strike testimony; communicate sufficiently with him; advise him of his right to testify at trial; move to suppress an identification; and move to suppress physical evidence. He contended that cumulatively, these alleged errors deprived him of his right to counsel. After

---

Eleven); third-degree criminal restraint, N.J.S.A. 2C:13-2 (Counts Twelve and Fourteen); second-degree conspiracy to commit burglary, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:18-2(a)(1) (Count Fifteen); second-degree burglary, N.J.S.A. 2C:18-2(b)(1) (Count Sixteen); fourth-degree possession of a weapon for an inappropriate purpose, N.J.S.A. 2C:39-5(d) (Count Seventeen); and third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d) (Count Eighteen). The jury acquitted him on Counts One, Two, Nine, and Fifteen.

A-5544-17T4

the hearing, the PCR judge denied the petition saying that "[t]o [defendant], the truth may be altered or shaped to satisfy his needs at any given time."

On appeal, defendant argues:

POINT I
THE [PCR JUDGE] ERRED IN DENYING DEFENDANT'S PETITION FOR [PCR] BECAUSE THERE WAS SUFFICIENT EVIDENCE PRESENTED DURING THE EVIDENTIARY HEARING TO PROVE THAT DEFENDANT WAS DENIED THE RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.

A. The Prevailing Legal Principles Regarding Claims Of Ineffective Assistance Of Counsel, Evidentiary Hearings And Petitions For [PCR].

B. Trial Counsel Rendered Ineffective Legal Representation By Virtue Of His Failure To Investigate And Present Taynona Love As An Alibi Witness To The Jury.

C. Trial Counsel Rendered Ineffective Legal Representation By Virtue Of His Failure To Sufficiently Communicate With Defendant And To Honor Defendant's Desire To Testify At Trial.[2]

We conclude that these arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons set

---

[2] Defendant additionally submitted a pro se supplemental brief on June 7, 2019, which raised the same argument relating to his trial counsel's failure to inform him of his right to testify.

forth by Judge Cronin in his well-reasoned decision, and we add the following brief remarks.

Three witnesses testified at the PCR hearing: an alleged alibi witness, defendant, and his trial counsel. The PCR judge disbelieved defendant and found his trial counsel credible. As to the alibi witness, the PCR judge, like the trial judge, concluded that the witness was "equivocal concerning any specific facts," and that she testified "inconsistently."

As the PCR judge noted, defendant admitted at the hearing that his certification in support of his petition was false, that trial counsel followed up on potential alibi witnesses, and that trial counsel considered his investigator's interview of the alibi witness. The PCR judge held that trial counsel sufficiently investigated defendant's alibi, and concluded defendant failed to meet Strickland's two-prong test.

The PCR judge also found that trial counsel cautioned defendant not to testify because of defendant's criminal history, which included multiple prior convictions. The PCR judge noted that even the trial judge, in denying defendant's new trial motion, acknowledged that defendant was "not a novice to the criminal justice system." Along those lines, the trial judge stated "[t]o suggest that [defendant] did not understand his right to testify or remain silent

5

defies logic." We conclude the judge's findings are supported by the record, and

his legal conclusions are unassailable.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION